FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 14 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SALVADOR DEJESUS,

        Petitioner,

        v.

SUPERINTENDENT WILLIAM KEYSER,

        Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-5375 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

By petition dated September 18, 2018, Petitioner Salvador DeJesus, currently incarcerated at Sullivan Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254 challenging his November 4, 2004, Kings County judgment of conviction. By memorandum and order dated October 25, 2018, Petitioner's application to proceed *in forma pauperis* was granted and Petitioner was directed to file an affirmation why the petition should not be dismissed as time-barred. Petitioner's affirmation, received on November 29, 2018, fails to demonstrate the instant petition is timely, and Petitioner's arguments are insufficient to warrant equitable tolling. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

### I. The Petition is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A judgment of conviction was rendered against Petitioner on November 4, 2004, convicting him of attempted burglary in the second degree and petit larceny. Petition ¶¶ 2(a), 5, ECF No. 1. Petitioner alleges he was not sentenced until August 25, 2011. *Id.* ¶ 2(b). Here, because he did not file a direct appeal, Salvador DeJesus's conviction became final on September 24, 2011, thirty days after he was sentenced. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (conviction becomes final "when [a petitioner's] time for filing a notice of appeal from his judgment of conviction expire[s]"); N.Y. CPL § 460.10(1)(a) ("A party seeking to appeal from a judgment or a sentence . . . must, within thirty days after imposition of the sentence . . . file with the clerk of the criminal court . . . a written notice of appeal."). Accordingly, under § 2244(d)(1)(A) of AEDPA, Petitioner had one year to file his habeas

2

petition, *i.e.*, until September 24, 2012. Instead, the instant petition was filed with this Court on September 18, 2018, and thus appears barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

## II. Statutory Tolling

Petitioner alleges on October 5, 2017, he filed post-conviction motions pursuant to § 440.10 and § 440.20 of the New York Criminal Procedure Law. Petition ¶ 11(a)(3)-(4). However, post-conviction motions filed after the one-year statute of limitation period has expired cannot be counted for statutory tolling purposes under § 2244(d)(2). *See Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (a state collateral proceeding commenced after the statute of limitations has run does not reset the limitations period). Thus, there is no basis for statutory tolling.

## III. Equitable Tolling

Petitioner's only other avenue for overcoming the untimeliness of his petition is an "equitable exception" to AEDPA's statute of limitations. In his affirmation, Petitioner sets forth the following claims in support of his request for equitable tolling: (1) he is "actually innocent;" (2) his trial attorney failed to file an appeal on his behalf; (3) he failed "to procure the right

3

paperwork," from his former lawyer and the District Attorney's office; and (4) Respondent Keyser transferred him to a different facility. Affirmation, ECF No. 5.

The Supreme Court has held: "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court has cautioned, however, "tenable actual-innocence gateway pleas are rare," and a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and citing *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing the *Schlup* standard is "demanding" and seldom met)).

"To satisfy the *Schlup* standard, a claim of actual innocence must be both 'credible' and 'compelling.'" *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (quoting *House*, 547 U.S. at 521, 538). "For the claim to be 'credible,' it must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Id.* at 541 (quoting *Schlup*, 513 U.S. at 324). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt– or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Id.* (quoting *House*, 547 U.S. at 538). Further, "a state court's 'determination of a factual issue' is 'presumed to be correct,' and that presumption may be rebutted only 'by clear and convincing evidence.'" *Watson v. Artuz*, 283 F. Supp. 3d 217, 234

(S.D.N.Y. 2018) (Gorenstein, M.J.) (quoting 28 U.S.C. § 2254(e)(1) and citing *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005)).

Here, Petitioner fails to support his actual innocence claim with allegations of new reliable evidence of his actual innocence. In fact, in his affirmation he alleges no factual allegations in support of his actual innocence claim. Next, to the extent Petitioner seeks to equitably toll the limitations period based on his former counsel's alleged failure to file a notice of appeal, he fails to plead any plausible facts which suggest the attorney's conduct was so "outrageous and incompetent" to be extraordinary. *See Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). Even if the alleged negligence on the part of his attorney could be considered an extraordinary circumstance, Petitioner fails to allege facts to show that he acted with reasonable diligence throughout the period he seeks to toll. *See Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000) ("The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed.").

Next, to the extent Petitioner seeks to argue his former attorney withheld relevant legal documents and he was unsuccessful in obtaining the requested legal materials from the state courts and the District Attorney's office, the Court finds there is no basis to equitably toll the limitations period. The Second Circuit has consistently held that the failure to obtain transcripts or other relevant court documents does not constitute an extraordinary circumstance. *Chrysler v. Guiney*, 14 F. Supp. 3d 418, 444 (S.D.N.Y. 2014) (Karas, J.) (citing cases), *aff'd*, 806 F.3d 104 (2d Cir. 2015). Finally, to the extent Petitioner seeks to argue facility transfers made it difficult to file the instant habeas petition in a timely manner, his argument is unavailing. *See Floyd v. Kirkpatrick*, 16-CV-1034, 2017 WL 372054, at *4 (E.D.N.Y. Jan. 26, 2017) (Bianco, J.) ("[T]he circumstances [petitioner] has identified as causing his delay–limited access to the law library

and facility transfers-do not qualify as 'extraordinary.'"). Even if any of Petitioner's assertions constituted extraordinary circumstances, equitable tolling is nonetheless unwarranted because Petitioner has not established he diligently pursued his rights during the almost six-year period he seeks to toll. *See Harper*, 648 F.3d at 138.

## CONCLUSION

Petitioner fails to demonstrate any extraordinary circumstances which would warrant the Court's equitable tolling of the AEDPA's limitations period. Therefore, the instant petition is dismissed as time-barred. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2018
　　　　Brooklyn, New York